Sheila Gropper Nelson, SBN 85031
Resolution Law Firm P. C.
50 Osgood Place 5th Fl
San Francisco CA 94133
415-362-2221
Email: shedoesbklaw@aol.com
 &
Jennifer McMenomy, NV SBN 14239
McMenomy Law
100 Vine Street
Reno NV 89503
775-525-8850
Email: Jennifer@mcmenoylaw.com

Attorneys for Creditor Todd Herrold

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

[Reno Division]

| | |
|---|---|
| In re: | No.  Case No.: 25-50189 hlb |
| Debtor | NOTICE OF SUBPOENA PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9016, FEDERAL RULE OF CIVIL PROCEDURE 45 et seq., & LOCAL RULE 9016(b) ON THE DEBTOR MICHAEL SHELDON |

NOTICE OF SUBPOENA PURSUANT TO FEDERAL RULE OF BANKRUPTCY
PROCEDURE 9016, FEDERAL RULE OF CIVIL PROCEDURE 45 et seq., AND LOCAL
RULE 9016(b) ON THE DEBTOR MICHAEL SHELDON

Judge: Honorable Hilary L. Barnes and ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE that a Subpoena, issued pursuant to Federal Rule of Bankruptcy
Procedure 9016, Federal Rule of Civil Procedure 45(a) (1) (C), and Local Rule 9016(b)[1], will be

---

[1] All chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, & to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure will be referred to as "FRCP" & the Federal Rules of Bankruptcy Procedure will be referred to as "FRBP." The Local Rules of Practice for the United States Bankruptcy Court for the District of Nevada are referred to as the "Local Rules".

Notice of Subpoena pursuant to Federal Rule of Bankruptcy
Procedure 9016, Federal Rule of Civil Procedure 45 & Local
Rule 9016(b) on Debtor Michael Sheldon/25-50189hlb                    1

1    served on Debtor Michael Sheldon, through his attorney of Record, Kevin Darby at the Darby

2    Law Practice, demanding the production of certain documents (the "Subpoena") as set forth in the

3    attached Exhibit "A". The documents must be produced on or before July 11, 2025 at 3:30 p.m.

4         Attached hereto and marked as Exhibit "1" is a true and correct copy of the Subpoena and
      the Attached Exhibit "A".

5    Dated this 25th day of June, 2025.                    Respectfully Submitted
6                                                          By: _/S/_ Sheila Gropper Nelson___
                                                           Sheila Gropper Nelson
7                                                          Resolution Law Firm P. C.
                                                           Attorney for Todd Herrold
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Notice of Subpoena pursuant to Federal Rule of Bankruptcy
Procedure 9016,Federal Rule of Civil Procedure 45 & Local
Rule 9016(b) on Debtor Michael Sheldon/25-50189hlb                    2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of June, 2025 I caused to be served a true and correct copy of NOTICE OF SUBPOENA PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9016, FEDERAL RULE OF CIVIL PROCEDURE 45, AND LOCAL RULE 9016(b) ON THE DEBTOR MICHAEL SHELDON, THROUGH HIS ATTORNEY OF RECORD THE DARBY LAW PRACTICE, and as stated in the following manner:

(CM/ECF ELECTRONIC SERVICE) By electronically filing the above-referenced document via the CM/ECF service to the parties listed below on the date above written:

KEVIN A. DARBY on behalf of Debtor MICHAEL SHELDON
kevin@darbylawpractice.com,
tricia@darbylawpractice.com;mandie@darbylawpractice.com;
makayla@darbylawpractice.com;at

Amy Terre as follows:   amy@amytirrelaw.com &   admin@amytirrelaw.com

The Appointed Trustee BRADLEY G. SIMS
trustee@trusteesims.com, bgs@trustesolutions.net

and the United States Trustee as follows:

U.S. TRUSTEE - RN – 7 USTPRegion17.RE.ECF@usdoj.gov

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated: June 25, 2025                    __/s/ Sheila Gropper Nelson___
                                        Sheila Gropper Nelson
                                        Resolution Law Firm P. C.
                                        50 Osgood Place 5th Fl.
                                        San Francisco CA 94133
                                        Attorney for Creditor Todd Herrold

Notice of Subpoena pursuant to Federal Rule of Bankruptcy
Procedure 9016,Federal Rule of Civil Procedure 45 & Local
Rule 9016(b) on Debtor Michael Sheldon/25-50189hlb                    3

1
2
3
4
5
6
7        **EXHIBIT "1"**
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Notice of Subpoena pursuant to Federal Rule of Bankruptcy
Procedure 9016,Federal Rule of Civil Procedure 45 & Local
Rule 9016(b) on Debtor Michael Sheldon/25-50189hlb

4

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Nevada                                         District of    Reno

In re    Michael Sheldon
_____
                        Debtor

*(Complete if issued in an adversary proceeding)*

_____
                        Plaintiff
                            v.
_____
                        Defendant

Case No.   25-50189 hib

Chapter   7

Adv. Proc. No. _____

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:   Michael Sheldon
_____
                        *(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE Resolution Law Firm P.C. 50 Osgood Place 5th Fl. San Francisco CA 94133 (415)-362-2221 | DATE AND TIME July 11, 2025 by 3:30 p.m. |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   06/25/25

                CLERK OF COURT

                                                OR   /s/ Sheila Gropper Nelson
_____                   _____
    *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are: Sheila Gropper Nelson @ Resolution Law Firm 50 Osgood Place 5th S.F. CA 94133 415-362-2221

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


       I declare under penalty of perjury that this information is true and correct.

Date:  _____

                         _____
                                      *Server's signature*

                         _____
                                    *Printed name and title*

                         _____
                                    *Server's address*


Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

1  Sheila Gropper Nelson, SBN 85031
   Resolution Law Firm P. C.
2  50 Osgood Place 5th Fl
   San Francisco CA 94133
3  415-362-2221
4  Email: shedoesbklaw@aol.com
     &
5  Jennifer McMenomy, NV SBN 14239
   McMenomy Law
6  100 Vine Street
   Reno NV 89503
7  775-525-8850
8  Email: Jennifer@mcmenoylaw.com

9  Attorneys for Creditor Todd Herrold

10

11

12                      UNITED STATES BANKRUPTCY COURT

13                          DISTRICT OF NEVADA

14                            [Reno Division]

15

16   In re:                               No.  Case No.: 25-50189 hlb

17   Debtor                               **Exhibit A Attachment to Subpoena for**
                                          **Document Production FRBP Rules 2004 &**
18                                         **Rule 9016**

19

20      **FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO MICHAEL**

21            **SHELDON PURSUANT TO FRBP RULES 2004 & 9016:**

22   **PROPOUNDING PARTY:**        **TODD HERROLD**

     **RESPONDING PARTY:**         **MICHAEL SHELDON**
23
     **SET NUMBER:**               **One (1)**
24
     PRELIMINARY INSTRUCTIONS AND DEFINITIONS
25
     1.      "You", "your" means and refers to MICHAEL SHELDON, or anyone acting on behalf of
26
     MICHAEL SHELDON including but not limited to all agents, servants, representatives,
27
     employees, investigators, and others who are in the possession of or who may have obtained
     information for or on behalf of  Debtor MICHAEL SHELDON.
28

2.      "DOCUMENT" and "DOCUMENTS" as used herein shall mean and include any written, recorded or graphic matter or communication which would be a "DOCUMENT" and shall include, without limitation, papers, recordings, memoranda, notes, books, records, accounts, communications, writings, letters, telegrams, correspondence, notes of meetings or of conversations either in writing or upon any mechanical or electronic or electric recording devices, notes, accountants' statements or summaries, appraisals, work papers, reports, projects, tabulations, purchase orders, invoices, canceled checks or check stub receipts, studies, services, employee handbooks or manuals, employment policies or procedures, vouchers, minutes of meetings, designs, drawings, notebooks, worksheets, contracts, agreements, bills of lading, warehouse receipts, time sheets, promissory notes, diaries, desk calendars, circulars, charts, ledgers, schedules, licenses, financial statements, books, payment records, stenographers' notebooks, punch cards, computer data bases, computer print-out sheets, photographs, audio-tape or video recordings, films, rules, directives, hotel charges, telephone bills, proposals, offers, orders, logs, objections, and all drafts, revisions, and differing versions of any of the foregoing whether denominated formal, informal, or otherwise, as well as all copies of any of the foregoing which differ in any way from the original, in your actual or constructive possession, custody, care or control.

3.      "Communication" or "communications" as used herein shall mean any oral or written communications, including, but not limited to, correspondence, memoranda, emails, letters, text messages, oral discussions, facsimile transmittal sheets, and the forwarding of DOCUMENTS.

4.      "Relating to" or "related to" means referring, mentioning reflecting, discussing, showing, evidencing, memorializing, constituting or being in any way logically or factually connected with the matter discussed or identified.

5.      "Person" is defined as any natural person or business, legal or governmental entity or association.

6.      If you object to any request or any portion of a request on the grounds of privilege, identify:

a.      the nature of the privilege claimed;

b.      the person making the communication, whether oral or in writing;

c.      if the communication was oral, all persons present while the communication was made;

d.      if the communication was written, the author, addressees, and any other recipients of the communication;

e.      the relationship of the persons present to the person making the communication;

f.      the date and place of the communication; and

g.      the general subject matter of the communication.

7.      If any DOCUMENT herein requested was formerly in your possession, custody, or control, and has been lost, destroyed, removed, or transferred from your possession, you are requested to submit, in lieu of each such DOCUMENT, a written statement which:

a.      describes in detail the nature of the DOCUMENT and its contents;

b.      identifies the person who prepared or authored the DOCUMENT and, if applicable, the person to who the DOCUMENT was sent;

c.      specifies the date on which the DOCUMENT was prepared or transmitted or both;

d.      specifies, if possible, the date on which the DOCUMENT was lost or destroyed, and, if destroyed, the conditions or reasons for such destruction and the person requesting and performing the destruction.

8.      Any representation of inability to comply with a particular request for production shall affirm that a diligent search and reasonable inquiry has been made in an effort to comply with the request.  This statement shall also specify whether the inability to comply is because the particular item or category of the item:

a.      Has never existed;

b.      Has been destroyed;

c.      Has been lost, misplaced, or stolen; or

d.      Has never been, or is no longer in possession, custody or control of responding party, as well as the name and address of any material person or organization known or believed by responding party to have possession, custody or control of that item or category of item.

9.      Moosehead Brands Inc. shall mean MOOSEHEAD BRANDS, INC., 774 MAYS BLVD #10684 INCLINE VILLAGE, NV 89451, Tax ID / EIN: 93-3113623, the identified debtor in Bankruptcy Case No. 25-50186hlb wherein You are identified as the responsible party.

10.     Simply Yummy Chips LLC, or Simply Yummy, shall mean the identified debtor in Bankruptcy Case No. 25-50187hlb wherein You are identified as the responsible party.

11.     Tahoe Blue Nutrition LLC, or Tahoe Blue Nutrition, shall mean the identified debtor in Bankruptcy Case No. 25-50188hlb wherein You are identified as the responsible party.

12.     Caveman Foods LLC, or Caveman, shall mean that company registered with the Nevada Secretary of State identifying you as the Manager, Michael Sheldon, 774 Mays Blvd #10684, Incline Village, NV, 89450, USA as last listed with the Nevada Secretary of State.

REQUESTS FOR PRODUCTION:

REQUEST NO. 1:

Please produce all DOCUMENTS related to the replacement of Brendan Donovan as President of Moosehead Brands, Inc. including but not limited to, correspondence, emails, text messages, governing DOCUMENTS, meeting minutes, contracts, & resignations DOCUMENTS.

REQUEST NO. 2:

Please produce all DOCUMENTS that support the determination to enter into the Purchase Agreement between Brendan Donovan and Michael Sheldon dated July 10, 2024, including but not limited to, correspondence, emails, text messages, facsimiles, governing DOCUMENTS, meeting minutes, contracts,  and resignations.

REQUEST NO. 3:

Please produce all DOCUMENTS relating to You replacing Brendan Donovan as President of Moosehead Brands, Inc. including but not limited to, correspondence, emails, text messages, governing DOCUMENTS, meeting minutes, contracts, resignations DOCUMENTS.

REQUEST NO. 4:

Please produce all DOCUMENTS related to the replacement of Brendan Donovan as Managing Member of Tahoe Blue Nutrition LLC, including but not limited to, correspondence, emails, text messages, governing DOCUMENTS, meeting minutes, contracts, resignation DOCUMENTS.

REQUEST NO. 5:

Please produce all DOCUMENTS relating to the claim YOU listed in YOUR Claims identifying Brendan Donovan, as a "claimant", in your schedules, including but not limited to, correspondence, emails, text messages, governing DOCUMENTS, meeting minutes, contracts, resignation DOCUMENTS.

REQUEST NO. 6:

Please produce all DOCUMENTS related to the replacement of Brendan Donovan as Manager of Simple Yummy Chips, LLC, including but not limited to, correspondence, emails, text messages, governing DOCUMENTS, meeting minutes, contracts, resignation DOCUMENTS.

1    REQUEST NO. 7:

2         Please produce all DOCUMENTS relating to Your relationship, as Manager, of Simple

3    Yummy Chips, LLC, including but not limited to, correspondence, emails, text messages,

4    governing DOCUMENTS, meeting minutes, contracts, resignation DOCUMENTS.

     REQUEST. NO 8:

5         Please produce all DOCUMENTS related to the replacement of Brendan Donovan as the

6    Manager of Caveman Foods, LLC, including but not limited to, correspondence, emails, text

7    messages, governing DOCUMENTS, meeting minutes, contracts, resignation DOCUMENTS.

8    REQUEST NO. 9:

9         Please produce all DOCUMENTS relating to Any Value You received when YOU

10   replaced Brendan Donovan as President of Simply Yummy Chips LLC including but not limited

11   to, correspondence, emails, text messages, governing DOCUMENTS, meeting minutes, contracts,

     resignations DOCUMENTS.

12   REQUEST NO. 10:

13        Please produce all DOCUMENTS related to Any Value You received when YOU

14   replaced Brendan Donovan as President of Caveman Foods LLC including but not limited to,

15   emails correspondence, text messages, governing DOCUMENTS, meeting minutes, contracts,

16   resignations DOCUMENTS.

17   REQUEST NO. 11:

18        Please produce all DOCUMENTS related to Any Value You received when YOU

19   replaced Brendan Donovan as President of Moosehead Brands, Inc. including but not limited to,

20   emails, correspondence, text messages, governing DOCUMENTS, meeting minutes, contracts,

     resignations DOCUMENTS.

21   REQUEST NO. 12:

22        Please produce all DOCUMENTS related to all value YOU received when YOU  replaced

23   Brendan Donovan as Managing Member of Tahoe Blue Nutrition LLC, including but not limited

24   to, correspondence, emails, text messages, governing DOCUMENTS, meeting minutes, contracts,

     resignation DOCUMENTS.

25   REQUEST NO. 13:

26        Please produce any and all loan DOCUMENTS for any loan taken out by Tahoe Blue

27   Nutrition, LLC from its inception to present.

28   //

REQUEST NO. 14:

Please produce any and all loan DOCUMENTS for any loan taken out by Moosehead Brands, Inc. from its inception to present.

REQUEST NO. 15:

Please produce any and all loan DOCUMENTS for any loan taken out by Caveman Foods, LLC from YOUR relationship with Caveman to present.

REQUEST NO. 16:

Please produce any and all loan DOCUMENTS for all loans taken out by Simple Yummy Chips, LLC from its inception to present.

REQUEST NO. 17:

Please produce all DOCUMENTS relating to the loan known as the "Carmenta Note."

REQUEST NO. 18:

Please produce all DOCUMENTS related to all communications between YOU and Brendan Donovan from January 1, 2022 to the present time, including but not limited to, correspondence, emails, text messages, and facsimile transmissions.

REQUEST NO. 19:

Please produce all DOCUMENTS related to all communications between YOU and Todd Herrold from January 1, 2022 to the present time, including but not limited to, correspondence, emails, text messages, and facsimile transmissions.

REQUEST NO. 20:

Please produce all DOCUMENTS related to all communications between YOU and Bruce Sanders from January 1, 2022 to the present time, including but not limited to, correspondence, emails, text messages, and facsimile transmissions.

REQUEST NO. 21:

Please produce all DOCUMENTS related to all entities within which YOU hold more than a 5% ownership interest from January 1, 2022 to the present time, including but not limited to correspondence, emails, text messages, facsimile transmissions and documents filed with any governmental entity.

REQUEST NO. 22:

Please produce all DOCUMENTS related to all communications between YOU and David Nino from January 1, 2022 to the present time, including but not limited to, correspondence, emails, text messages, and facsimile transmissions.

REQUEST NO. 23:

Please produce all DOCUMENTS related to all communications between YOU and Trans Sanders from January 1, 2022 to the present time, including but not limited to, correspondence, emails, text messages, and facsimile transmissions.

REQUEST NO. 24:

Please produce all payroll records and DOCUMENTS for Caveman Foods, LLC from January 1, 2022 to the present time.

REQUEST NO. 25:

Please produce all payroll records and DOCUMENTS for Simple Yummy Chips, LLC from January 1, 2022 to the present time.

REQUEST NO. 26:

Please produce all payroll records and DOCUMENTS for Moosehead Brands, Inc. from January 1, 2022 to the present time.

REQUEST NO. 27:

Please produce all payroll records and DOCUMENTS for Tahoe Blue Nutrition LLC. from January 1, 2022 to the present time.

REQUEST NO. 28:

Please produce all DOCUMENTS for all income You received from Caveman Foods, LLC; from its inception to the present.

REQUEST NO. 29:

Please produce all DOCUMENTS for all income You received from Simple Yummy Chips, LLC; from its inception to the present.

REQUEST NO. 30:

Please produce all DOCUMENTS for all income You received from Moosehead Brands, Inc.; from its inception to the present.

REQUEST NO. 31:

Please produce all DOCUMENTS for all income You received from Tahoe Blue Nutrition LLC from its inception to the present.

REQUEST NO. 32:

Please produce all DOCUMENTS indicating all transfers of value to BRENDAN DONOVAN from Tahoe Blue Nutrition LLC from its inception to the present.

//

REQUEST NO. 33:

Please produce all DOCUMENTS indicating all transfers of value to Brendan Donovan from Caveman Foods, LLC; from its inception to the present.

REQUEST NO. 34:

Please produce all DOCUMENTS indicating all transfers of value to Brendan Donovan from Simple Yummy Chips, LLC; from its inception to the present.

REQUEST NO. 35:

Please produce all DOCUMENTS indicating all transfers of value to Brendan Donovan from Moosehead Brands, Inc. from its inception to present.

REQUEST NO. 36:

Please produce all DOCUMENTS relating to a loan from an individual named Fred Atkinson as identified in DOCUMENTS YOU provided to Todd Herrold.

REQUEST NO. 37:

Please provide all DOCUMENTS that YOU possess, in any capacity, for any of the identified entities for which YOU are identified as a manager, relating to Boosh Foods from January 1, 2020 to the present time.

REQUEST NO 38:

Please provide all DOCUMENTS relating to a line of credit given in favor of Boosh Foods from January 1, 2020 to the present time.

REQUEST NO. 39:

Please provide all DOCUMENTS or correspondence related to any transfer of value, including but not limited to repayment of funds, disbursed to Boosh Foods by Tahoe Blue Nutrition LLC.

REQUEST NO. 40:

Please provide all DOCUMENTS or correspondence related to repayment, or any other transfer of value, from Boosh Foods to Tahoe Blue Nutrition LLC from January 1, 2022 to the present time.

REQUEST NO. 41:

Please provide all DOCUMENTS, or correspondence, related to the line of credit extended to Boosh Foods by Tahoe Blue Nutrition.

//

REQUEST NO. 42:

Please provide all DOCUMENTS relating to a disbursement of moneys to Boosh Foods from January 1, 2020 to the present time.

REQUEST NO 43:

Please provide all DOCUMENTS relating to transfers of any interest in Caveman Foods LLC from January 1, 2021 to the present time.

REQUEST NO 44:

Please provide all DOCUMENTS relating to changing any ownership interest in Caveman Foods LLC from January 1, 2021 to the present time.

REQUEST NO. 45:

Please produce ALL DOCUMENTS, relating in any manner, to a change of Caveman Foods LLC as a wholly owned subsidiary of Mooseheads Brands Inc. to not being a wholly owned subsidiary of Mooseheads Brands Inc.

REQUEST NO. 46:

Please provide All DOCUMENTS to demonstrate that Cavemanfoods.com remains operational.

REQUEST NO. 47:

Please provide All DOCUMENTS identifying that Cavemanfoods.com is accepting orders for Caveman Bars from January 1, 2024 through to the present time.

REQUEST NO. 48:

Please provide all DOCUMENTS to support YOUR receipt of $5,000 month in personal income from "real estate consulting" services as stated in YOUR schedules and supporting papers.

REQUEST NO. 49:

Please provide All DOCUMENTS YOU have received from David Nino from January 1, 2021 through to the present time.

REQUEST NO. 50:

Please provide All DOCUMENTS YOU have received from Trans Sanders from January 1, 2021 through to the present time.

REQUEST NO. 51:

Please provide All DOCUMENTS YOU have received from Bruce Sanders from January 1, 2021 through to the present time.

REQUEST NO. 52:

Please provide All DOCUMENTS for the reassignment of Moosehead Brands Inc. shares to Tahoe Blue Nutrition LLC from January 1, 2021 through to the present time.

REQUEST NO. 53:

Please provide All DOCUMENTS that relate to electronic withdrawal transactions identified in the Tahoe Blue Chase Bank account statements for April 2024 for $30,000 and $5,000 respectively for 840 Northwood Blvd. Incline Village, NV, 89451:

REQUEST NO. 54:

Please provide All DOCUMENTS that relate to the April 2, 2024 online Domestic Wire Transfer Via: Umpqua Bank/123205054 A/C: Michael Incline Village NV 89451 US Ref: Draw Imad: 0402Mmqfmp2K008056 Trn: 3172394093Es 3,700.00.

REQUEST NO. 55:

Please provide All DOCUMENTS that relate to the April 2, 2024 04/02 Online Domestic Wire Transfer Via: Umpqua Bank/123205054 A/C: Michael Incline Village NV 89451 US Ref: Draw Imad: 0402Mmqfmp2K008056 Trn: 3172394093Es 3,700.00.

REQUEST NO. 56:

Please provide All DOCUMENTS that relate to the 05/02 05/02 Same-Day ACH Payment 11130561856 To 840Northwood (_######4018) 5,000.00.

REQUEST NO. 57:

Please produce all DOCUMENTS for anything of value greater than $1,000.00 that You received from Caveman Foods, LLC; from January 1, 2020 to present.

REQUEST NO. 58:

Please produce all DOCUMENTS for anything of value greater than $1,000.00 that You received from Simple Yummy Chips, LLC; from its inception to present.

REQUEST NO. 59:

Please produce all DOCUMENTS for anything of value greater than $1,000.00 that You received from Moosehead Brands, Inc.; from its inception to present.

REQUEST NO. 60:

Please produce all DOCUMENTS for anything of value greater than $1,000.00 that You received from Tahoe Blue Nutrition LLC from its inception to present.

//

REQUEST NO. 61:

Please produce All DOCUMENTS for all real property YOU hold any interest in from January 1, 2020 to the present time.

REQUEST NO. 62:

Please produce All DOCUMENTS for all correspondence between YOU and Brendan Donovan since YOU filed YOUR petition in bankruptcy Case Number 25-50189.

REQUEST NO. 63:

Please produce all DOCUMENTS that support any decision to forgo recoupment of the $100,000.00 of funds used to purchase the Incline Liquor store located at 889 Tahoe Blvd, Incline Village NV 89451.

REQUEST NO. 64:

Please produce all DOCUMENTS for all expenditures, from January 1, 2022 through to the present time, by each company within which YOU identified a 100% ownership interest on the date of YOUR bankruptcy petition.

REQUEST NO. 65:

Please provide all DOCUMENTS that YOU possess, in any capacity with any of the identified entities for which YOU are identified as a responsible party, relating to Boosh Foods from 01/01/2020 to the present time.

Dated:  June 25, 2025                          By:   /s/ Sheila Gropper Nelson
                                                Sheila Gropper Nelson
                                                Resolution Law Firm P. C.
                                                Attorney for Creditor